In the Matter of the Application of the HOWARD HOTEL CORPORATION, Judgment Creditor of L. A. DALTON, Judgment Debtor, for the Determination of the Priority of Its Garnishee Execution as against a Garnishee Execution Issued in the Name of JEANN FRIEDMAN, Judgment Creditor, as against L. A. DALTON.

Supreme Court, Albany County, March, 1934.

*Alexander I. Tomanovich,* for the plaintiff Howard Hotel Corporation.

*Henry A. Friedman* and *Marton M. Mandel,* for the defendant Jeann Friedman.

STALEY, J. This is an application to declare a garnishee execution in favor of the Howard Hotel Corporation against L. A. Dalton to be superior to a garnishee execution issued in favor of Jeann Friedman

It appears that in November, 1933, the judgment creditor Howard Hotel Corporation caused a garnishee execution to be issued against the earnings of the defendant, who was an employee in the Senate of the State of New York. At this time a garnishee execution had been issued and was outstanding in favor of one Jeann Friedman. Such garnishee execution was issued to an order of a justice of the Supreme Court. The execution was based on a judgment recovered

in the Municipal Court of the City of New York. Transcript of a judgment of the Municipal Court was filed in the office of the clerk of the county of New York which made the judgment a judgment of the Supreme Court (Mun. Ct. Act, § 131), but no transcript was ever filed in Albany county, although the garnishee execution on the Friedman judgment was issued to the sheriff of Albany county against the Comptroller of the State of New York.

It is provided in section 648 of the Civil Practice Act that an execution against property can be issued only to a county in the clerk's office of which a judgment is docketed, but that an execution against the person may be issued to any county. Section 502 of the Civil Practice Act provides for the issuing and filing of transcripts. Section 638 describes the kinds of executions, which are, executions against property, executions against the person, executions for the delivery of possession of real property and executions for the delivery of the possession of the chattel, with or without damages for the taking or detention thereof Section 643 provides that an execution against property, if the judgment roll is not filed in the clerk's office of the county in which it is issued, must specify the time when the judgment was docketed in that county.

In article 43 of the Civil Practice Act, which relates to executions against property, and under the heading " Levy upon and sale of personal property," provision is made for garnishee executions.

Under the provisions of the Civil Practice Act there can be no doubt that a garnishee execution is an execution against property, and that a transcript must be filed in the county where the execution is issued.

In this connection section 684 is itself significant of the requirement as to the filing of a transcript. It is there provided in relation to the making of orders directing the issuing of garnishee executions, " the county judge of any county, except Kings, Queens and Bronx in which a supreme court judgment, or transcript thereof, has been docketed, may grant such order upon such supreme court judgment."

The attorney for the judgment creditor, Jeann Friedman, complains that this motion was not brought on before the justice who granted the order for the garnishee. The application for the modification of such order may be properly made, not only to the judge or justice issuing the same, but to the court from which the execution shall issue. The execution issued out of the Supreme Court, so that the motion was properly brought on. (Civ. Prac. Act, § 684, subd. 4.)

Order may be entered declaring and adjudging that the garnishee judgment of the Howard Hotel Corporation, a judgment creditor,

is superior to the garnishee execution of Jeann Friedman, another judgment creditor, and directing that the sheriff of the county of Albany and the Comptroller of the State of New York recognize the superiority of said execution and that moneys withheld and to be withheld by the Comptroller of the State of New York from the earnings of the judgment debtor, be turned over to the sheriff of Albany county, and that said sheriff apply said moneys upon the garnishee execution in behalf of the Howard Hotel Corporation until the same is discharged or this order modified or vacated.